**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STERLING OWENS, | |
| Plaintiff, | |
| v. | Case No. 21-2185-KHV-ADM |
| KANSAS CITY BOARD OF PUBLIC UTILITIES, et al., | |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Sterling Owens' ("Owens") Motion for Leave to File a First Amended Complaint.  (ECF 26.)  By way of this motion, Owens seeks leave to amend his complaint to address the issues raised in the pending motion to dismiss filed by defendants Kansas City Board of Public Utilities (the "Board") and Unified Government of Wyandotte County, Kansas (the "Unified Government").   For the reasons discussed below, Owens' motion is granted.

## I.    BACKGROUND

Owens' complaint alleges that he is an African American who works as an Electric Troubleman for the Board, which is owned by the Unified Government.  In November 2019, Human Resource Compliance Manager Tammy Torrez ("Torrez") accused Owens of residing outside of Wyandotte County, in violation of the Board's policy.  Owens was required to submit a written statement and documentation to establish his residency in November 2019 and April 2020. At the time, he reported that he felt targeted and discriminated against by the investigation.  In April 2020, Owens also submitted a formal discrimination complaint against Torrez to Director of Human Resources Dennis Dumovich ("Dumovich").   In August 2020, he filed a Charge of

Discrimination.  In September 2020, Dumovich told Owens that the Board was unable to disprove Owens' Wyandotte County residency and would not be taking disciplinary action against him. Owens was subject to further discriminatory behavior by a Caucasian supervisor in February 2021, and Owens also reported this to Dumovich.

Owens filed this lawsuit in April 2021.  He alleges that he was subject to racial discrimination, harassment, and retaliation in violation of 42 U.S.C. § 1981.  (ECF 1.)  Defendants filed a motion to dismiss for failure to state a claim.  Defendants argue that Owens' complaint should be dismissed because he did not allege that his race was the but-for cause of any injury as required under *Comcast Corp. v. National Ass'n of African American-Owned Media*, 140 S. Ct. 1009 (2020), or that he suffered any adverse employment action.  (ECF 7 & 8.)  Owens' response included a request, in the alternative, for leave to file an amended complaint.  The court denied that request without prejudice for failure to comply with this court's local rules—namely, that Owens' motion did not explain the nature of the proposed amendment, nor did it attach the proposed amended pleading.  (ECF 15.)

The court later entered a scheduling order that required the parties to file any motions for leave to amend the pleadings by October 1 (ECF 21 ¶ 3(b)), and then extended that deadline to October 5 (ECF 25).  Owens timely filed his renewed motion seeking leave to amend his complaint to "more plainly allege[] 'but for' causation regarding his claims of race discrimination, and the material adverse impact of the discrimination."  (ECF 26 ¶ 5.)  Defendants oppose the motion. (ECF 29.)

## II.    ANALYSIS

When a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave."  FED.

R. CIV. P. 15(a)(2).  "The court should freely give leave [to amend pleadings] when justice so requires."  *Id.*  In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).  A court may only withhold leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment."  *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted.  *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (in the absence of such a showing, amendment should be allowed).

Here, defendants argue that leave to amend should be denied on futility grounds.  "A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal."  *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  In the context of futility, the court considers whether the amended complaint could withstand a Rule 12(b)(6) motion to dismiss.  *See* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (collecting cases).  To withstand dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view

them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

To state claims of disparate treatment race discrimination or retaliation under § 1981, a plaintiff must allege that his employer took an adverse employment action against him. *See Payan v. United Parcel Serv.*, 905 F.3d 1162, 1168, 1172 (10th Cir. 2018) (setting forth the prima facie elements of these claims[1]).  Owens' proposed First Amended Complaint would add language specifying that he was targeted and discriminated against through the residency investigation, and that treatment "materially adversely affected his employment."  (ECF 28-1 ¶ 19.)  Owens further alleges that defendants' actions "had a materially adverse impact" on him and caused him to seek FMLA leave.  (*Id.* ¶ 36.)

Defendants argue that Owens' proposed First Amended Complaint would be subject to dismissal because it does not allege any adverse employment action.  Specifically, defendants contend that an "adverse impact," an investigation into an employee, and an employee's decision to take FMLA leave do not constitute adverse employment actions under § 1981.  Although defendants' arguments may have merit as to certain allegations, the court cannot say that all aspects of the proposed amendment would be futile.  For example, defendants' motion to dismiss argues that "[a]n investigation of potential misconduct . . . will generally not constitute an adverse employment action." *Couch v. Bd. of Trs. of Mem'l Hosp. of Carbon Cty.*, 587 F.3d 1223, 1243 (10th Cir. 2009).  But that does not foreclose an investigation from constituting an adverse employment action in some instances.  The phrase "adverse employment action" is liberally defined. *Payan*, 905 F.3d at 1172.  "Such actions are not simply limited to monetary losses in the

---

[1] The 12(b)(6) standard does not require a plaintiff to establish a prima facie case in the complaint, but "the elements of each cause of action help to determine whether [he] has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

form of wages or benefits.  Instead, [the court] take[s] a case-by-case approach, examining the unique factors relevant to the situation at hand."  *Id.* (quotation omitted).  Further, Owens contends that his proposed First Amended Complaint would clarify that his race was the but-for cause. These allegations appear designed to rectify the deficiencies defendants identified in their motion to dismiss.  Furthermore, to state a harassment claim, a plaintiff is not required to allege an adverse employment action beyond the harassment itself.  *See id.* at 1170 (setting forth the prima facie elements of a hostile work environment claim under § 1981).  Defendants do not explain how this claim would be subject to dismissal.

## III.   CONCLUSION

Leave to amend should be freely given when justice so requires, and defendants have not met their burden to show Owens' proposed amendment is futile.  The court therefore exercises its discretion and grants Owens leave to amend his complaint.  To the extent that defendants wish to pursue their futility arguments further, they may do so via a motion to dismiss.

**IT IS THEREFORE ORDERED** that plaintiff Sterling Owens' Motion for Leave to File a First Amended Complaint (ECF 26) is granted.  Owens must file his First Amended Complaint as a separate docket entry by **November 5, 2021**.

**IT IS SO ORDERED.**

Dated November 1, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

5