IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STERLING OWENS,           )<br>                          )<br>     Plaintiff,          )<br>                          )<br>v.                        )<br>                          )<br>UNIFIED GOVERNMENT OF WYANDOTTE  )<br>COUNTY AND KANSAS CITY, KANSAS,  )<br>                          )<br>     Defendant.          )<br>_____) | CIVIL ACTION<br><br>No. 21-2185-KHV |

## MEMORANDUM AND ORDER

Sterling Owens brought suit against his employer, the Unified Government of Wyandotte County and Kansas City, Kansas, asserting claims of race discrimination, hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. From November 14 to 17, 2022, the Court conducted a jury trial which resulted in a verdict in favor of defendant. See Verdict (Doc. #96) filed November 17, 2022. This matter comes before the Court on Plaintiff's Motion For New Trial (Doc. #98) filed November 29, 2022. For reasons stated below, the Court overrules plaintiff's motion.

## Motion For New Trial Standards

In deciding whether to grant a motion for new trial, the Court exercises broad discretion.[1] See Unit Drilling Co. v. Enron Oil & Gas Co., 108 F.3d 1186, 1194 (10th Cir. 1997). The Court's decision will not be disturbed on appeal except for the showing of a gross abuse of discretion. See Brownlow v. Aman, 740 F.2d 1476, 1491 (10th Cir. 1984). The Court generally regards motions for new trial with disfavor and grants them only with great caution. See Franklin v. Thompson,

---

[1] Pursuant to Rule 59, Fed. R. Civ. P., the Court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A).

981 F.2d 1168, 1171 (10th Cir. 1992); Utility Trailer Sales of Kansas City, Inc. v. MAC Trailer Mfg., Inc., 734 F. Supp.2d 1210, 1216 (D. Kan. 2010).  The party seeking to set aside a jury verdict must demonstrate prejudicial trial error or that the verdict is not based on substantial evidence. Anderson v. Phillips Petroleum Co., 861 F.2d 631, 637 (10th Cir. 1988), overruled on other grounds by Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993); White v. Conoco, Inc., 710 F.2d 1442, 1443 (10th Cir. 1983).  In reviewing a motion for new trial, the Court views the evidence in the light most favorable to the prevailing party.  See Griffin v. Strong, 983 F.3d 1544, 1546 (10th Cir. 1993).  The Court ignores errors that do not affect the essential fairness of the trial. McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 553 (1984).

## Factual Background

The evidence at trial may be summarized as follows:

Plaintiff's claims arose out of an investigation which defendant performed into plaintiff's residency in 2019 and 2020.  Defendant's policies require employees to maintain a primary residence within Wyandotte County.  Tammy Torrez, defendant's compliance coordinator, initiated the investigation after receiving a complaint that plaintiff was not complying with this policy.  Eric Clark, a former employee who had died by the time this litigation commenced, brought this complaint to Torrez's attention on behalf of several employees who wished to remain anonymous.  Plaintiff conceded that defendant had a right to investigate him because of this complaint but alleged that defendant prolonged the investigation for discriminatory and retaliatory reasons and subjected him to a hostile work environment.

Plaintiff was represented by Bert Braud and Cooper Mach from the Popham Law Firm in Kansas City, Missouri.  Mr. Braud, lead counsel for plaintiff, was the only attorney on the case until about five weeks before trial.  On October 10, 2022, Cooper Mach entered his appearance.

2

Plaintiff states that Mr. Mach "did not begin earnest preparation for trial until November 8, one week before trial." Plaintiff's Motion For New Trial (Doc. #98) filed November 29, 2022 at 2. Mr. Mach planned to examine two witnesses.

Trial began on November 14, 2022. On November 14 and 15, 2022, Mr. Braud examined witnesses Tammy Torrez and Sharita Owens, and Mr. Mach examined Johnell Walton and Dennis Dumovich. On November 15, 2022, at 6:30 p.m., Mr. Braud informed the Court and opposing counsel that he had tested positive for COVID-19. Due to his physical condition and courtroom guidelines, Mr. Braud could not continue to participate in the trial. On the morning of November 16, 2022, right before trial resumed, Mr. Mach moved for a mistrial.

Counsel and the Court discussed alternatives to a mistrial and whether Mr. Braud could participate by Zoom. Courthouse staff and counsel located another courtroom which was set up for Zoom and determined that it was available for trial. Mr. Mach then advised the Court that instead of appearing by Zoom, Mr. Braud would remotely participate by an audio link and plaintiff would go forward with Mr. Mach as lead counsel. For the remainder of the trial, Mr. Braud listened to the trial proceedings, texted notes to the on-site trial team and reviewed jury instructions. The two-way audio link allowed him to directly address the Court and counsel, but he did not do so. At this point, the last remaining witness was plaintiff, whom Mr. Braud had intended to examine. Mr. Braud emailed Mr. Mach his outline for the examination. Mr. Mach examined plaintiff and then rested plaintiff's case before the end of the day. Meanwhile, a third attorney—Dennis Egan— had entered an appearance for plaintiff. Throughout the trial, the Court received no information that Mr. Braud was unable to communicate with plaintiff's trial team or was having health or technical problems which prevented him from effectively monitoring the proceedings and assisting Mr. Mach.

After plaintiff rested, defendant called no additional witnesses. Plaintiff never renewed the motion for a mistrial which he made on the morning of November 16, 2022. On November 17, 2022, the Court instructed the jury, counsel presented closing arguments and the jury returned a verdict in favor of defendant.

## **ARGUMENT**

Plaintiff argues that the Court abused its discretion by denying his motion for a mistrial and should order a new trial because plaintiff did not receive a fair trial after Mr. Braud contracted COVID-19. Plaintiff asserts that Mr. Mach was not fully aware of the facts of the case and could not adequately respond to alleged misstatements of fact which defendant advanced in closing argument or to "red herring" arguments that defendant made regarding the residency investigation.[2]

### **I.     Mr. Braud Contracting COVID-19**

Plaintiff argues that Mr. Mach had little time to prepare for his examination of plaintiff and his closing argument. Defendant argues that Mr. Mach was not under-prepared because (1) he had joined the case five weeks before trial, which was ample time to prepare; (2) he had seven years of trial experience; (3) plaintiff could have had Mr. Braud appear by Zoom to examine plaintiff and conduct closing, but he chose not to; and (4) Mr. Mach had the help of his trial team and also Mr. Braud, who monitored the case and passed notes to the trial team by text message.

Upon careful review of plaintiff's arguments and the evidence presented at trial, the Court finds—with all due respect to Mr. Braud—that his COVID-19 absence did not prejudice plaintiff

---

[2]     Plaintiff also asserts that under the District of Kansas guidelines, anyone in the courtroom who was in close proximity to Mr. Braud should have been excluded from the courthouse as well. Plaintiff does not explain how this fact prejudices him, however, given that no one else participating in the trial became sick with COVID-19 (or anything else).

4

at trial. Mr. Mach was more than competent in examining plaintiff and presenting closing argument: he did an outstanding job in handling all remaining aspects of the trial, including the informal jury instruction conference. Mr. Mach is an experienced attorney. He was prepared to examine witnesses and had Mr. Braud's active assistance over text message while he acted as lead counsel. The Court offered plaintiff the choice to have Mr. Braud examine him and present argument by Zoom, an option that plaintiff declined. Plaintiff has not presented convincing evidence that the circumstances resulted in prejudice to plaintiff's case.

## II.     Defendant's Statements In Closing Argument

Plaintiff next argues that defendant misstated the facts during closing argument and that due to lack of experience in the case, Mr. Mach could not adequately respond. According to plaintiff, defendant stated during closing argument that Clark had made the initial residency complaint to Torrez, whereas the testimony from Torrez was that Clark brought her a complaint from employees who wished to remain anonymous. Plaintiff argues that because Mr. Mach was not intimately familiar with the facts, he did not object to this allegedly incorrect statement of the evidence.

It was not necessarily false to state that Clark made the complaint; after all, he was the first to tell Torrez the concerns of anonymous employees. In the context of defendant's entire argument, Mr. Mach's failure to object does not come close to prejudicial error. Torrez consistently testified that the complaint originally came from an anonymous source. The jury was not confused or misled by defense counsel's statement that Clark made the complaint to Torrez. In the context of the record as a whole, plaintiff provides no reason to believe that if plaintiff's counsel had objected to this detail of defendant's closing argument, the jury verdict would have been different.

5

### III.     Defendant's Trial Strategy

Plaintiff argues that defendant's case focused on irrelevant evidence which Mr. Mach was unprepared to respond to "on the fly." Plaintiff consistently admitted that defendant had the right to conduct its investigation and that he did not challenge the investigation that occurred before his meeting with Torrez on November 4, 2019. Plaintiff argues that defendant extensively focused its case on defendant's activities prior to that meeting, which forced Mr. Mach to respond "on the fly" to a "red herring" argument. Plaintiff's Motion For New Trial (Doc. #98) filed November 29, 2022 at 6. Mr. Braud represents that because he had a greater understanding of the facts and theories of the case, he "would not have accepted Defendant's invitation to run down the rabbit hole and engage in the irrelevant fight" over the investigation prior to November 4, 2019. Id.

Defendant correctly notes that because it focused "extensively" on the investigation prior to November 4, 2019, Mr. Braud had plenty of time to advise Mr. Mach to object to this line of questioning. Further, even though plaintiff only challenged the portion of the investigation that occurred after November 4, 2019, defendant's actions during the entire investigation were relevant for the jury to understand the context of defendant's challenged actions. Again, plaintiff has not established that Mr. Braud's absence prejudiced his case on these grounds.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For New Trial (Doc. #98) filed November 29, 2022 is **OVERRULED.**

Dated this 14th day of February, 2023 at Kansas City, Kansas.

>                         s/ Kathryn H. Vratil
>                         KATHRYN H. VRATIL
>                         United States District Judge